JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04829 GW (JPRx) | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Gilbert Yousefian v. Trent Thurber, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS:   IN CHAMBERS - ORDER DISMISSING FIRST CAUSE OF ACTION AND DAVIS DEFENDANTS WITH PREJUDICE; DECLINING SUPPLEMENTAL JURISDICTION OVER SECOND CAUSE OF ACTION; REMANDING ACTION**

After issuing a tentative ruling, *see* Docket No. 137,[1] the Court held oral argument on three motions to dismiss the Third Amended Complaint for Damages ("TAC") in this matter on October 16, 2015, *see* Docket No. 139. As part of that hearing and earlier Rule 12(b)(6)-based dismissals in this action, the Court has explained its view as to what it believes have been fundamental inconsistencies in the allegations (and extra-pleading representations) of plaintiff Gilbert Yousefian ("Plaintiff") in this matter with respect to the question of whether what the parties have referred to as the Missing Equipment List, the Clark Media Inventory, the Ferguson Appraisal, and the Bexel Auction documents unquestionably revealed to defendant Trent Thurber ("Thurber") that all of the allegedly-stolen materials/objects were actually reflected and accounted for in those four documents such that Thurber had to have known that there was no probable cause to charge Plaintiff with grand theft in the underlying criminal action. Because those inconsistencies and confusion on that point persisted into the TAC (and Plaintiff's arguments respecting whether the TAC should be dismissed), the Court allowed Plaintiff an opportunity to make an "offer of proof" demonstrating that, in fact, all allegedly-stolen materials *were* reflected in those four documents such that the TAC's first cause of action could be amended further, even if it were not considered presently-viable, to make that allegation clearly and unequivocally. Because all four documents, and their contents, were repeatedly referenced within the TAC and were central to the success of Plaintiff's claims, *see, e.g.*, TAC, Docket No. 112, ¶¶ 27, 30-31, 34, 37, 49, 54, 57-58, 60, 76, 82, 91, the Court determined that it would have been

---

[1] Docket entries in this matter were made on the docket in the companion action, *Conlan v. Reilly*, No. 2:24-cv-03002-GW (JPRx). Thus, all docket numbers cited herein are found on the *Conlan* docket.

:

Initials of Preparer   JG

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04829 GW (JPRx) | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Gilbert Yousefian v. Trent Thurber, et al.* | | |

appropriate to consider their contents in the course of resolving Rule 12(b)(6) motions and that they were, thus, a permissible part of an offer by the Court for an opportunity for Plaintiff to make such an offer of proof.

      The Court gave Plaintiff one week from the date of the October 16 hearing to decide whether or not he would accept the offer to make an offer of proof and, had he decided in the affirmative in that regard, an additional week to actually make that offer of proof.  *See* Docket No. 139.  On October 23, 2025, Plaintiff filed a "Response to Court's Invitation to Submit an Offer of Proof," indicating that he "respectfully declines the court's offer to present an offer of proof in connection with the Motions to Dismiss."  Docket No. 140.

      As a result of Plaintiff's response, the Court is now convinced that Plaintiff has no prospect of amending the TAC to make the necessary allegation to make his sole federal-law cause of action potentially viable against Thurber[2] (for the reasons explained further in the Court's tentative ruling on the motion to dismiss, *see* Docket No. 137, and in its ruling on the previous motion to dismiss, *see* Docket No. 107).  As such, the Court now dismisses the TAC's first cause of action (and any claim against defendants Allan Davis and Arthur Davis, *see* Footnote 2, *supra*), with prejudice, and declines supplemental jurisdiction over the TAC's second cause of action, thereby dismissing that claim without prejudice.  What remains of the action is remanded to Los Angeles County Superior Court, from which this case was removed.

      IT IS SO ORDERED.

---

[2] As the Court has explained, without a viable way of including Thurber within his conspiracy allegations, Plaintiff had no way of asserting claims against any defendant(s) under 42 U.S.C. § 1983.  Independent of this problem, Plaintiff also confirmed at the close of oral argument on October 16, 2025, that he conceded dismissals of defendants Allan Davis and Arthur Davis were appropriate.

|  | : |
|---|---|
| Initials of Preparer | JG |